UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DIMITRI ROBERT,

*Petitioner*,

– against –

JULIE WALCOTT, *Superintendent of Attica Correctional Facility,*

*Respondent*.

**MEMORANDUM & ORDER**
25-cv-01305 (NCM)

**NATASHA C. MERLE**, United States District Judge:

Petitioner Dimitri Robert, currently incarcerated at Attica Correctional Facility, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Following

[1] The proper respondent in a habeas petition brought pursuant to 28 U.S.C. § 2254 is the superintendent of the facility in which petitioner is incarcerated. *See* Rule 2(a), Rules Governing § 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."); *see Siciliano Nunez v. McCarthy*, 718 F. Supp. 3d 209, 209 n.1 (E.D.N.Y. 2024). The original respondent in this action was Bennie Thorpe, superintendent of Marcy Correctional Facility where petitioner was incarcerated at the time the Petition was filed. During the pendency of the instant habeas case, petitioner was relocated from Marcy Correctional Facility to Attica Correctional Facility. *Compare* Pet. Mailing Envelope, ECF No. 1-1 (filed Feb. 3, 2025), *with* Pet'r Letter in Support, June 23, 2025 ("June 23, 2025 Letter"), ECF No. 18. The proper respondent to this action is thus Julie Walcott, the superintendent of Attica Correctional Facility. *See* N.Y. Dep't of Corrections & Community Supervision, *Attica Correctional Facility*, https://perma.cc/WH88-TMVR (last visited: Sep. 23, 2026). In light of petitioner's pro se status, and because there appears to be no prejudice to the respondent, in the interest of judicial efficiency, the Court deems the Petition amended to change the respondent to the superintendent of Attica Correctional Facility. *See Bell v. Ercole*, 631 F. Supp. 2d 406, 410 n.1 (S.D.N.Y. July 1, 2009) (noting that the court will treat the petition as if it was properly filed against the superintendent of the correctional facility where petitioner was then-presently incarcerated and not where he had been incarcerated when the petition was filed); *Homes v. Yehl*, No. 22-cv-00870, 2024 WL 1836074, at *1 n.1 (E.D.N.Y. Apr. 26, 2024) (amending the petition on the court's own initiative to change the name of the respondent to the superintendent of the facility where petitioner was incarcerated).

a jury trial, petitioner was convicted of one count of second-degree murder, two counts of second-degree criminal possession of a weapon, and one count of criminal possession of a weapon in the third degree. Appearing pro se, petitioner argues that his conviction was obtained in violation of his rights under the Fifth and Fourteenth and Sixth Amendments, that exculpatory evidence was withheld in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and that his conviction was a product of entrapment and his continued incarceration in light of his innocence is a fundamental miscarriage of justice. Petition for Writ of Habeas Corpus ("Petition") 5, ECF No. 1.[2] For the reasons set forth below, the Petition is **DISMISSED** without prejudice.

## BACKGROUND

### I. State Court Proceedings

This Petition arises from the October 1, 2019, death of petitioner's seventeen-year-old brother, Devontay Robert, whom petitioner fatally shot in the presence of police following an argument outside his aunt and uncle's New York home. Apr. 5, 2022 Trial Transcript ("Trial Tr. 1") 64:10–14, ECF No. 13-9; Apr. 6, 2022 Trial Transcript ("Trial Tr. 2") 16:09–14, ECF No. 13-10. Petitioner was immediately arrested and indicted by the Suffolk County Grand Jury on charges for second-degree murder, and two counts of second-degree criminal possession of a weapon. Oct. 2, 2019 Arraignment Tr. ("Arraignment Tr.") 2:9–3:10. A grand jury subsequently indicted him for one count of second-degree murder, two counts of second-degree criminal possession of a weapon, and one count of third-degree criminal possession of a weapon. Apr. 5, 2022 Pre-Trial

[2] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

Conference Tr. ("Pre-Trial Conf. Tr.") 35:4–7; Response to Order to Show Cause ¶ 6, ECF No. 13.

On April 5, 2022, petitioner stood trial in the Supreme Court of New York, Suffolk County. *See generally* Trial Tr. 1. The prosecution's witnesses included petitioner's aunts, Mary and Ramona Johnson; his uncle, Horace Johnson; his cousins Salik Smith and Denzell Johnson, police officers present at the scene, forensic scientists, and the medical examiner who conducted the autopsy of the victim.[3] Petitioner testified as the sole witness for his defense. Apr. 11, 2022 Trial Transcript 4 ("Trial Tr. 4") 67:13–115:22, ECF No. 13-12; Apr. 12, 2022 Trial Transcript 5 ("Trial Tr. 5") 08:01–41:05, ECF No. 13-13. At the conclusion of trial, the jury convicted petitioner of all charges. Apr. 14, 2022 Trial Transcript 7 ("Trial Tr. 7") 15:01–17:21, ECF No. 13-15.

Petitioner was sentenced on May 24, 2022, an indeterminate twenty-five years to life of imprisonment for second-degree murder, a determinate sentence of five years imprisonment and five years of post-release supervision for second-degree criminal possession of a weapon, and an indeterminate two to six years for third-degree criminal possession of a weapon to run concurrently. Sentencing Tr. 28:07–29:12, ECF No. 13-16. Petitioner's mother, Martha Johnson, provided statements at the sentencing hearing. Sentencing Tr. 03:09–10:04.

---

3 Trial Tr. 1 44:08–79:25 (testimony of Salik Smith), 80:15–89:21 (testimony of Ramona Johnson), 91:24–116:17 (testimony of Horace Johnson), ECF No. 13-9; Trial Tr. 2 3:12–42:20 (testimony of Officer Liam Lyons), 43:08–54:18 (testimony of Officer Bokinz), 69:18–94:16 (testimony of Mary Johnson), 95:06–104:25 (testimony Denzell Johnson), 107:04–130:11 (testimony of Officer Stock), ECF No. 13-10; Trial Tr. 3 03:25–51:04 (testimony of Forensic Scientist Joseph Guttieri), 59:24–86:23 (testimony of Forensic Scientist Roy Sineo), 95:14–134:20 (testimony of Dr. Odette Hall), ECF No. 13-11; Trial Tr. 4 6:08–14:19 (testimony of Detective Investigator Robert Berger), 15:08–46:10 (testimony of Scientist Robert Baumann), 49:01–55:13 (testimony of Forensic Scientist Christina Barry), ECF No. 13-12.

## II. Procedural History

### *A. State Appellate History*

On or around July 8, 2022, petitioner filed a notice of appeal with the Suffolk County District Attorney's Office. *See* Affirmation of Grazia DiVincenzo ¶¶ 4–5, Pet. 76. On February 28, 2024, the Appellate Division, Second Department (hereinafter "Second Department") granted petitioner's motions to proceed pro se with his appeal and for poor person relief. *People v. Robert*, No. 2022-05421 (App. Div. 2d Dep't Feb. 28, 2024). The same order directed the trial court stenographer and clerk to file certified transcripts of all pretrial, trial, and sentencing proceedings with the clerk of the Second Department for delivery to petitioner. *Id.* On April 18, 2024, petitioner reported his transcripts were missing. *See* Pet. 74. On May 29, 2024, the Suffolk County Clerk's Office responded to petitioner's letter, stating that petitioner's "transcripts were sent to the [Second Department] and will be forwarded." Pet. 74. In August 2024, petitioner received transcripts that belonged to someone else. Application to Amend Habeas ("App. to Amend") 33, ECF No. 22.

### *B. The Instant Petition*

Petitioner filed this § 2254 petition pro se on February 3, 2025. Pet. 1. The Petition raises four bases for relief: due process violations under the Fifth and Fourteenth Amendments, Sixth Amendment violations, *Brady* violations, and miscarriage of justice. Pet. 2, 5.[4] First, petitioner asserts due process violations "since the day of his arrest"

---

4 The Petition states there are three grounds for relief. Pet. 5. The first ground is the "[d]enial of due process," which petitioner seeks to assert under the Sixth Amendment as well as the Fifth Amendment and Fourteenth Amendment. Pet. 2. The Court construes this ground to assert two separate bases for relief: the first, arising under the Fifth and Fourteenth Amendments, and the second arising under the Sixth Amendment for

arising under the Fifth and Fourteenth Amendments. Pet. 2, 6. Second, petitioner asserts claims arising under the Sixth Amendment for violations of his rights to testify before a grand jury, challenge the grand jury, produce evidence and witnesses, confront witnesses against him, self-representation and effective assistance of counsel, access to evidence against him, and appeal. Pet. 1–2, 6–20. Third, he asserts the prosecution withheld *Brady* evidence including police reports, social media communications, grand jury minutes, and access to his full transcripts. Pet. 21–25, 28–35, 41–45, 49–50, 62–69. Fourth, he contends that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt if the constitutional errors had not occurred, invoking defenses of entrapment and renunciation. Pet. 24–27, 46–48.

The District Attorney for Suffolk County, where petitioner was convicted, responded to the Court's March 17, 2025, Order to Show Cause. Order to Show Cause, ECF No. 9; Response to Order to Show Cause ("Opposition"), ECF No. 13. The Opposition included copies of transcripts for petitioner's arraignment, ECF No. 13-3; pre-trial conference, ECF No. 13-4; jury selection ECF No. 13-5 to -8; trial, ECF No. 13-9 to -15; and sentencing, ECF No. 13-16.

Petitioner made additional filings in support of his Petition. *See* June 23, 2025 Letter; Pet'r Letter in Support, Sep. 23, 2025 ("Sep. 23, 2025 Letter"), ECF No. 20; Exhibits in Support of Petition ("Exhibits"), ECF No. 21-3.

Petitioner also filed several other motions. On July 17, 2025, petitioner filed a motion for a "preliminary injunction" and evidentiary hearing on his Petition for habeas relief, which the Court denied. Letter Motion for Preliminary Injunction ("PI Motion"),

---

violations of constitutional rights upon the "initiation of adversary judicial proceedings" against petitioner. *Kirby v. Illinois*, 406 U.S. 682, 689–90 (1972); Pet. 1–2.

ECF No. 17; *see* Docket Entry dated June 18, 2025. On January 13, 2026, the Court received petitioner's "Application for Leave to Amend Federal Habeas" to assert an additional ground for relief: he was stripped of his right to appeal the state court conviction when he received altered and incomplete transcripts. App. to Amend 2.[5] On March 20, 2026, petitioner asked the Court to strike down New York Criminal Procedure Law § 245.20 as unconstitutional and to compel certain discovery materials from the Suffolk County Criminal Court where he was convicted. Pet'r's Mar. 20, 2026 Request 1–7, ECF No. 23.

*C. Simultaneous Appellate Court History*

On April 17, 2025, and during the pendency of the Petition before the undersigned, the Second Department's Pro Se Clerk's Office sent petitioner a letter to confirm receipt of petitioner's returned transcripts, acknowledged that they contained materials from an unrelated case, and sent petitioner an additional set of transcripts. Exhibits Ex. 1 at 1, ECF No. 21. The same letter also directed petitioner to file his appeal on or before July 17,

---

5 Under 28 U.S.C. § 2242, a habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." Motions to supplement the original petition are thus governed by Fed. R. Civ. P. 15(d), and motions to amend are governed by Fed. R. Civ. P. 15(a). Because petitioner's request concerns a "transaction, occurrence, or event that happened after the date of the pleading," Fed. R. Civ. P. 15(d), the Court will consider the filing a motion to supplement and grant the motion on this basis, which is unopposed. *See Weeks v. New York State (Div. Of Parole)*, 273 F.3d 76, 88 (2d Cir. 2001) (noting that supplemental pleadings relate to events that "have transpired *since* the date of the party's most recent pleading"); *United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002) (further explaining the distinction between amendment and supplemental pleading). The Application for Leave to Amend Federal Habeas also asks the Court "to appoint a special prosecutor in [his] case to prosecute the government officials that are tak[ing] [his] mail, hindering prosecution, chang[]ing [his] transcripts and for those people" that he alleges are "getting away with conspiracy to commit murder." App. to Amend 3. Even construing this request liberally, as the Court must with pro se filings, this request is denied because petitioner has not identified a legal basis for such an appointment, and this Court is aware of none.

2025. Exhibits Ex. 1 at 1. On September 22, 2025, petitioner stated that he did not receive the complete set of transcripts from the Second Department. Exhibits 1. Petitioner reported that this set of transcripts omitted the trial testimony of Ramona Johnson and the statements made by Martha Johnson at petitioner's sentencing. Reply 3, ECF No. 16; App. to Amend 2–3, 26–33.

On October 31, 2025, the Second Department granted petitioner's motion to extend the time to file his brief in support of his appeal to December 30, 2025. *People v. Robert*, No. 2022-05421 (App. Div. 2d Dep't Oct. 31, 2025). Petitioner requested a second extension of time on the grounds that in August 2024 he did not receive a correct copy of his transcript. App. to Amend 33. On April 27, 2026, the state court again granted petitioner's request and directed him to file his brief on or before June 26, 2026. *People v. Robert*, No. 2022-05421 (App. Div. 2d Dep't Apr. 27, 2026). At this time, the Court has not received confirmation that petitioner has perfected his direct appeal.

## LEGAL STANDARD

"The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") narrowed the scope of federal habeas review of state convictions where the state court has adjudicated a petitioner's federal claim on the merits." *Fox v. Bezio*, No. 10-cv-02986, 2011 WL 837158, at *5 (E.D.N.Y. Mar. 7, 2011) (citing 28 U.S.C. § 2254(d)).[6] Pursuant to 28 U.S.C. § 2254(b)(1)(A), a habeas petition "shall not be granted unless it appears that . . . [petitioner] has exhausted the remedies available in the courts of the State. . . ." A petitioner exhausts remedies by "(i) present[ing] the federal constitutional claim asserted in the petition to the highest state court (after preserving it as required by state law in

---

6 Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

lower courts) and (ii) inform[ing] that court (and lower courts) of both the factual and legal bases for the federal claim." *Ramirez v. Att'y Gen. of State of New York*, 280 F.3d 87, 94 (2d Cir. 2001)." In New York, a defendant must exhaust his claims not only by presenting them to the lower state courts, but also by seeking leave to appeal any denials of relief to the New York Court of Appeals." *Chambers v. Lilly*, 735 F. Supp. 3d 196, 225 (E.D.N.Y. 2024) (citing *Morgan v. Bennett*, 204 F.3d 360, 369 (2d Cir. 2000)). This requirement affords the state system the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

Section 2254 provides limited exceptions to the exhaustion requirement. Federal courts may consider such petitions where "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i), (ii).

## DISCUSSION

Petitioner concedes that he has not exhausted his state remedies before filing the instant Petition and asks the Court to excuse compliance with the federal exhaustion requirement. Pet. 3–4. He states he filed his notice of appeal in state court nearly three years prior to the Petition, but because the first set of state court transcripts included transcripts that pertained to a different case, and the second set omitted parts of his transcripts, he is prevented from exhausting state remedies and perfecting his appeal. Pet. 3–4. The Opposition argues that contrary to petitioner's claim that he is deprived of the state court appellate process, petitioner's ongoing communication with the Second Department demonstrates that the state process remains available to him. Memorandum of Law in Support of Opposition ("Mem. of Law") 14, ECF No. 13-2. The Court first

addresses petitioner's state court filings and then turns to the question of whether petitioner is excused from exhausting state remedies.

## I. Petitioner's Pending Direct Appeal

AEDPA's exhaustion requirement "embod[ies] . . . two related questions." *Galdamez v. Keane*, 394 F.3d 68, 73–74 (2d Cir. 2005) (Sotomayor, J.). One inquiry, and indeed "the central concern" of habeas cases, is whether petitioner "presented" to the appropriate state courts "the same claim that is the basis for his petition for habeas corpus." *Ginyard v. Fisher*, 272 F. Supp. 2d 275, 277 (S.D.N.Y. 2003); *see also Diaz v. People*, No. 23-cv-03800, 2025 WL 3096497, at *21 (S.D.N.Y. Oct. 30, 2025) ("[A] petitioner must have fairly presented his [federal] claims to the state courts, such that the state court had a fair opportunity to act."). The other inquiry is "whether applicable state court remedies remain available to the petitioner." *Galdamez*, 394 F.3d at 73.

Here, petitioner concedes he has not raised his claims in state court. Pet. 3–4. However, he argues that state court remedies are unavailable because he filed his notice of appeal three years before commencing the instant Petition, and there has been no adjudication of his state court appeal. Pet. 3 (citing *Calhoun v. Farley*, 913 F. Supp. 1218, 1121 (N.D. Ind. 1995)).

Courts can consider the merits of unexhausted habeas petitions. *See, e.g.*, *Blackett v. Thomas*, 293 F. Supp. 2d 317, 320 (S.D.N.Y. 2003) (dismissing unexhausted claims on the merits after noting that "Section 2254(b)(2) of Title 28, United States Code, provides that an application for a writ of habeas corpus may be denied on the merits despite a petitioner's failure to exhaust all of the remedies available to him if the Court finds, in its discretion, that the petitioner's claims are without merit"). However, courts can also dismiss unexhausted petitions without considering the merits, particularly if a direct

appeal (1) is pending in state court, meaning that at least a notice of appeal has been filed, and (2) was filed before the habeas petition. *See, e.g.*, *Torres v. Reis*, No. 24-cv-01876, 2025 WL 1488490, at *4–6 (D. Conn. May 23, 2025) (dismissing without prejudice the November 2024 habeas petition filed while the probation revocation appeal, filed in October 2023, was pending); *Johnson v. Samuelson*, No. 24-cv-00126, 2024 WL 1076896, at *2 (S.D.N.Y. Feb. 8, 2024) (petitioner's appeal remained pending where petitioner's notice of appeal, First Department's letter directing Clerk to provide transcripts of trial court proceedings, and First Department's order extending time to perfect appeal were appended to the petition); *Wells v. Miller*, No. 21-cv-11231, 2023 WL 2647891, at *6–11 (S.D.N.Y. Mar. 27, 2023) (dismissing without prejudice where petitioner's direct appeal was pending); *Brefo-Sarpong v. Walcott*, No. 20-cv-04560, 2021 WL 4192678, at *1 (E.D.N.Y. Aug. 20, 2021) (same).

Here, the Court declines to consider the Petition while petitioner's direct appeal is pending before the Second Department. The documents appended to the Petition indicate that petitioner took affirmative steps to commence his state court appeal. For instance, petitioner filed a notice of appeal in state court consistent with New York Criminal Procedure Law ("CPL") § 460.10 mandating defendants who appeal criminal judgments to serve the "district attorney of the county . . . in which the judgment or order being appealed was entered." CPL § 460.10(1)(b). The District Attorney's Office of Suffolk County, where petitioner was convicted, affirmed the Office received petitioner's notice of appeal in July 2022. DiVincenzo Decl. ¶ 5, Pet. 76. Petitioner's affirmative steps are confirmed by the Second Department's February 28, 2024 order directing the trial court to issue petitioner copies of his state court transcripts, consistent with the Second Department's authority under CPL § 460.70. *People v. Robert*, No. 2022-05421 (App. Div.

2d Dep't Feb. 28, 2024); CPL § 460.70(1) (authorizing the appellate court to direct criminal court to furnish transcripts necessary for the perfection of appeals taken).

Petitioner has also been actively pursuing his appeal in state court. Petitioner's motions to proceed pro se and for poor person relief demonstrate this. Filings on the Second Department's docket indicate petitioner has requested an extension of time to submit his brief on appeal on at least two occasions: sometime before October 31, 2025, on December 30, 2025, and most recently on July 7, 2026. *People v. Robert*, No. 2022-05421 (App. Div. 2d Dep't Oct. 31, 2025); App. to Amend 33. Petitioner's engagement with the state court to protect his opportunity to appeal show that state court procedures are available to him, and his habeas petition here is "premature." *See Ali v. Superintendent of Otisville Corr. Facility*, 2015 WL 5657384, at *1 (E.D.N.Y. Sep. 23, 2015) ("The [p]etition, therefore, is premature, as it is undisputed that, when it was filed, Petitioner's direct appeal from his judgment of conviction was still pending before the intermediate appellate courts in New York."); *Jeanty v. Martucello*, No. 24-cv-09540, 2025 WL 1092328, at *2 (S.D.N.Y. Mar. 10, 2025) (same).

Moreover, the Court finds considerations of comity, which underlie the exhaustion requirement, persuasive here. *See Abuzaid v. Mattox*, 726 F.3d 311, 322 n.8 (2d Cir. 2013) (instructing district courts "to exercise their judgment in determining whether the interests of comity will be better served by addressing the merits forthwith or by requiring a series of additional state and district court proceedings before reviewing the merits of the petitioner's claim"). Comity reflects the principle that exhaustion affords state courts "an opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan*, 513 U.S. at 365. That purpose is fulfilled when "federal courts respect the state courts' ability to correct their own mistakes." *Galdamez*, 394 F.3d at 73. Because

petitioner's direct appeal is pending in state court and is actively being pursued by petitioner, comity counsels against foreclosing petitioner's appeal from state review. Relatedly, a direct appeal in state court allows petitioner to develop the factual basis of his claims for a prospective habeas petition, should one be necessary. *Wells*, 2023 WL 2647891, at *6. Accordingly, the Petition is dismissed without prejudice.

## II. Excuse from Exhaustion

Petitioner attempts to overcome this hurdle by arguing his failure to exhaust should be excused. However, petitioner has failed to show that excusing the exhaustion requirement is warranted. Section 2254 provides limited exceptions to the exhaustion requirement, principally when a petitioner can demonstrate that "state court procedures would make exhaustion futile." *Petrucelli v. Coombe*, 735 F.2d 684, 687 (2d Cir. 1984) (citing *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curium)). "Exhaustion is futile when 'there is an absence of available State corrective process' or when 'circumstances exist that render such process ineffective to protect the rights of the [petitioner].'" *Torres*, 2025 WL 1488490, at *5 (quoting 28 U.S.C. § 2254(b)(1)(B)(i), (ii)). The Second Circuit has held that "a failure to exhaust may be excused . . . where there has been 'substantial delay in the state criminal appeal process'" because such delay renders the state appeals process ineffective. *Roberites v. Colly*, 546 F. App'x 17, 19 (2d Cir. 2013) (summary order); *see also Phillips v. White*, 851 F.3d 567, 576 (6th Cir. 2017) (waiving the exhaustion requirement due to state appellate court's inordinate delays).

Here, nearly four years have elapsed since petitioner filed his notice of appeal in July 2022.[7] Petitioner asserts that he twice received transcripts that contained errors. The

---

[7] Petitioner relies on two cases to support his argument that this delay is sufficient to excuse exhaustion: *Harris v. Champion*, 15 F. 3d 1538, 1556 (10th Cir. 1994) (finding

first set of transcripts provided by the Second Department included copies that belonged to a different defendant. Pet. 2–4; *see* Exhibits Ex. 1 at 1; Reply 2–3. The second set omitted the testimony of Ramona Johnson from trial and Martha Johnson from the sentencing minutes. Reply 3; App. to Amend 2–3, 26. Petitioner asserts these errors created substantial delay in perfecting his appeal, and therefore, the Court should excuse his failure to exhaust state remedies. Pet. 3–4. The Opposition argues that petitioner has received at least three copies of his transcripts, including one provided with the Opposition. Opp'n 9–10. The record before the Court reflects that full copies of the transcripts have been filed publicly on the docket along with the state court record on May 9, 2025. *See* ECF Nos. 13-3 to -16. Petitioner has not reported any inaccuracies or omissions from these transcripts (as distinct from those sent by the Appellate Division), nor can the Court find any. *See, e.g.*, Reply *passim*.

Further, the Second Department has remained active in remedying petitioner's transcript problems, by sending petitioner copies of transcripts on two occasions. *People v. Robert*, No. 2022-05421 (App. Div. 2d Dep't Apr. 27, 2026); Pet. 74. The Second Department has been engaged with petitioner's appeal throughout the pendency of this action, twice granting him extensions of time to perfect it from July 17, 2025 to December 30, 2025, and again to June 26, 2026. *People v. Robert*, No. 2022-05421 (App. Div. 2d Dep't Oct. 31, 2025); *People v. Robert*, No. 2022-05421 (App. Div. 2d Dep't Apr. 27,

a delay in adjudicating a direct criminal appeal beyond two years from filing the notice of appeal gives rise to a presumption that the state appellate process is ineffective), and *Calhoun v. Farley*, 913 F. Supp. 1218, 1221 (N.D. Ind. 1995) (finding that where neither the state nor prisoner has taken action for nearly two years on a petition for post-conviction relief, sufficient time has passed to excuse exhaustion). Pet. 3. However, neither *Harris* nor *Calhoun* is binding on this Court, and the presumption of ineffectiveness after a fixed period of delay petitioner draws from those cases has not been adopted by this Circuit.

2026). Petitioner, for his part, has remained an active litigant in state court, filing extension requests at least two times to preserve his opportunity to appeal. *See, e.g.*, *People v. Robert*, No. 2022-05421 (App. Div. 2d Dep't Apr. 27, 2026). Any delay purportedly caused by the routine timeline of litigation has not rendered the appellate process ineffective. Even though petitioner's appeal has not been perfected, the state court docket reflects an active and ongoing state proceeding that is available to petitioner. Accordingly, the Court finds no basis to excuse petitioner's failure to exhaust.

## CONCLUSION

For the foregoing reasons, petitioner's Section 2254 Petition is **DISMISSED** without prejudice.

Because jurists of reason would not find it debatable that petitioner failed to exhaust his state court remedies, a Certificate of Appealability will not issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk of Court is respectfully directed to amend the case caption to reflect that Julie Walcott, the superintendent of Attica Correctional Facility, is the respondent.

The Clerk of Court is further directed to enter judgment dismissing the case, mail a copy of the judgment and this Memorandum and Order to petitioner, note the mailing on the docket, and close this case.

**SO ORDERED.**

*/s/Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated: October 2, 2026
Brooklyn, New York